UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN ALAN KERR, | No. 2:23-cv-2134 DJC AC P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION |
| WARDEN, | |
| Respondent. | |

Petitioner, a federal prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

I. Background

A jury convicted petitioner of possession of a firearm after being convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1), and the district court determined that he qualified as an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and sentenced him to 268 months in prison. ECF No. 10 at 3; United States v. Kerr (Kerr I), 446 F. App'x 558, 559 (4th Cir. 2011). On appeal, the Fourth Circuit Court of Appeal vacated the sentence because the district court's determination that petitioner's state convictions qualified as predicate crimes under the ACCA was based upon the interpretation of the statute in United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which was subsequently overruled. Id. at 560. The Fourth Circuit took no position on

whether petitioner's state convictions continued to qualify as ACCA predicates, and left that determination to the district court when it remanded the case for resentencing. Id. On remand, the district court determined that the state convictions qualified as ACCA predicate crimes and once again sentenced petitioner to 268 months' imprisonment. United States v. Kerr (Kerr II), 737 F.3d 33, 35 (4th Cir. 2013). Petitioner appealed and the district court's judgment was affirmed. Id. at 40.

## II. First Amended Petition

The first amended petition challenges the Bureau of Prisons' (BOP) calculation of petitioner's security level as high, which petitioner asserts is based on errors in the presentencing report and has made him ineligible for credits under the First Step Act. ECF No. 10 at 2-4. Specifically, petitioner alleges that he was not sentenced on the convictions used as the basis for his conviction under § 922(g)(1), and that correcting those errors will demonstrate that he has no convictions that would serve as a basis for finding him guilty of violating 18 U.S.C. §§ 922(g)(1) and 924(e) and that he is therefore not guilty. Id. He requests an order directing the BOP to review his security status calculation, which will result in the review of his presentence report, which will in turn reveal that there was no basis for the jury to find him guilty and require his immediate release. Id. at 6.

## III. Legal Standards

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." "[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (citations omitted).

Pursuant to 28 U.S.C. § 2241(c)(3), a convicted inmate may seek a writ of habeas corpus when "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." "[P]etitions that challenge the manner, location, or conditions of a sentence's execution must be

brought pursuant to § 2241 in the custodial court." Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam) (citations omitted). On the other hand, "§ 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008) (quoting Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000)). Section 2255 motions must be brought in the court of conviction while § 2241 petitions must be brought in the custodial court. Hernandez, 204 F.3d at 865.

> By the terms of section 2255, a prisoner authorized to apply for section 2255 relief may not bring a section 2241 petition for a writ of habeas corpus "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief."

Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) (quoting 28 U.S.C. § 2255). "Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Hernandez, 204 F.3d at 864-65 (quoting 28 U.S.C. § 2255).

> An inquiry into whether a § 2241 petition is proper . . . is critical to the determination of district court jurisdiction, because the proper district for filing a habeas petition depends upon whether the petition is filed pursuant to § 2241 or § 2255. In particular, a habeas petition filed pursuant to § 2241 must be heard in the custodial court . . . , even if the § 2241 petition contests the legality of a sentence by falling under the savings clause.

Id. at 865.

IV.    Discussion

To the extent petitioner purports to challenge the calculation of his risk score, which has prevented him from accruing credits under the First Step Act, the petition is seemingly proper under § 2241. See Zavala v. Ives, 785 F.3d 367, 370 n.3 (9th Cir. 2015) (the BOP's calculation of sentencing credit constitutes a sentence's execution and may be challenged in a § 2241 petition). Petitioner is currently incarcerated at Federal Correctional Institution (FCI)-Herlong, which is located in the Eastern District of California, making jurisdiction in this court proper for a petition under § 2241. However, petitioner asserts that his risk score is improperly calculated because he was not sentenced for the state convictions which provided the basis for his

3

§ 922(g)(1) conviction and armed career criminal designation and is therefore not guilty. This argument foreclosed by the Fourth Circuit's determination that petitioner's state convictions qualify as predicate felonies, even if the sentences imposed were less than a year.[1] Even more fundamentally, it is clear from petitioner's theory for relief that the instant petition challenges the federal conviction itself, making a motion under § 2255 the proper method of obtaining relief.

To the extent petitioner is attempting to argue that he is actually innocent of violating § 922(g)(1) and of being an armed career criminal and therefore entitled to relief under § 2255's savings clause, his claim also fails. "[A] § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006) (citations omitted). With respect to the second requirement for bringing a § 2241 petition under the savings clause, "it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion." Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003). In other words, if a habeas petitioner raises an actual innocence claim that could have been raised during trial, on direct appeal, or in a § 2255 motion, the fact that he may now be procedurally barred from raising it does not mean that § 2255's remedy is inadequate or ineffective. This court need not determine whether petitioner has stated a colorable claim of actual innocence because review of the docket in petitioner's criminal matter shows not only that he was capable of raising his actual innocence claim on direct appeal or in a § 2255 motion, but that he did in fact raise the issue numerous times. See Kerr v. United States, No. 1:09-cr-0290 (M.D.N.C.) at ECF No. 150, 152 (§ 2255 motion raising claim of actual innocence claim asserting that state convictions did not qualify as

////

---

[1] The Fourth Circuit determined that while the state court judge "chose to exercise her discretion by sentencing Kerr to a mitigated range sentence of 8 to 10 months' imprisonment for his crimes . . . the judge remained free at all times to sentence Kerr to a presumptive prison term of up to 14 months." Kerr II, 737 F.3d at 38-39. Because the *potential* maximum sentence exceeded one year, the court found that petitioner's *actual* sentence was irrelevant and determined that his state convictions qualified under the ACCA and § 922(g)(1) as crimes "punishable by imprisonment for a term exceeding one year." Id. at 39.

predicate offenses); see also ECF Nos. 62, 84, 131, 137, 143, 147, 181, 205, 208, 224, 227, 233, 246.

V. Conclusion

For the reasons outlined above, petitioner may not challenge his conviction through a § 2241 petition, and even if he could, the claim is without merit. Since petitioner can only challenge his conviction through a § 2255 motion, which must be brought in the court which imposed the sentence, the petition should be dismissed for lack of jurisdiction. See 28 U.S.C. § 2255(a). Since court records demonstrate that petitioner has already pursued a § 2255 motion, and there is no indication that he has received authorization from the Fourth Circuit to pursue a second or successive § 2255 motion, the court declines to construe the instant petition as a § 2255 motion and transfer it to the United States District Court for the Middle District of North Carolina.

VI. Plain Language Summary of this Order for a Pro Se Litigant

The court is not requiring the government to respond to your petition because it does not state a claim for relief. You cannot challenge your conviction through a § 2241 petition and you have not shown that you did not have an opportunity to raise your actual innocence claim on appeal or in a § 2255 motion.

Accordingly, IT IS HEREBY RECOMMENDED that the petition be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues. Pursuant to Rule 11 of the Federal Rules

Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: November 1, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE